## SCHAN v. UVALDE ASPHALT PAVING CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—CONTRACTS—INJURY TO ABUTTING OWNERS—CONTRACTOR'S LIABILITY.

A city contract authorizing plaintiff to change certain street lines by lowering the curbstones did not authorize him to lower such stones in front of plaintiff's premises, and then, after chipping off the edge of the flags adjoining the curbs for convenience in setting the same, to patch up the crevices with cement, leaving an unsightly stub-toe at the street line.

2. SAME—DAMAGES.

Where a city contractor lowered the line of curbstones along a street, and negligently patched up the crevices between the curb as reset and the adjoining flagstones so as to leave an unsightly stub-toe at the street line, the abutting property owner was entitled to recover as damages what it would cost him to put the walk in good condition.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick Schan against the Uvalde Asphalt Paving Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

M. S. & I. S. Isaacs, for appellant.
Summerwell, Shoup & Vermilyea, for respondent.

MacLEAN, J. In relaying the surface of West Forty-Ninth street, in this city—presumably under a contract with the municipality—the defendant lowered the line of the curbstones, but did not correspondingly reset the flags theretofore laid by the plaintiff on the sidewalk in front of his premises, unskillfully or negligently chipped off the edges of the flags for convenience in setting the curb, and then patched up the crevices with cement, leaving an unsightly and annoying stub-toe at the street line. To remedy this, the learned justice properly cast the defendant in damages in a sum quite within the amount evidenced as necessary. Among the sundry objections pressed by the defendant, it is contended that the contract between the defendant and the city was improperly excluded, as the city had authority, in exercise of its control, to change and regulate the grade of the curb line, and that there was no proof that defendant's contract required the defendant to do anything which it omitted to do, or to take any precaution which it omitted to take; and that, as the city of New York is authorized to regulate the paving and curbing of the streets, the delegation of this power to the defendant was a legitimate exercise of its power over the sidewalk in front of defendant's premises. However all that may be, street lines and grades may not be legally changed in that way, and no

contract with the city, without anything more, would empower the defendant to do what it was shown to have done. It may be, too, that it was not shown that the plaintiff, as owner of the lot abutting on the street, was bound to make any change in the sidewalk by repair or otherwise; but if the defendant—as there was ample proof to show—by carelessness and unskillfulness (not adding impertinence) left the place an eyesore and annoyance, it was bound to restore it to good condition, or pay the plaintiff what it would cost him to do so. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.